*seq.*, are to be scored based on (a) the defendant's conduct in committing the specific offense for which those guidelines are being scored, (b) the defendant's conduct during the entire criminal transaction, or (c) the defendant's conduct during both the specific offense being scored and any offenses resulting in conviction that arise out of the same transaction and that are enumerated in MCL 791.233b (see MCL 769.31[d]); (2) when is an offense completed for purposes of scoring the offense variables; (3) whether an accomplice to the underlying crime can be considered a "victim" under MCL 777.39 (OV 9); and (4) whether, based on the foregoing, the defendant in this case was properly assessed 10 points for "2 to 9 victims" under MCL 777.39 (OV 9) where he broke into an unoccupied store but, in the course of driving away with two accomplices, led the police on a car chase ending in a collision.

We further order the Saginaw Circuit Court, in accordance with Administrative Order No. 2003-3, to determine no later than February 3, 2009, whether the defendant is indigent and, if so, to appoint the State Appellate Defender Office to represent the defendant in this Court. If the defendant is not indigent, he must retain his own counsel.

The Clerk of the Court is directed to place this case on the May 2009 session calendar for argument and submission. Appellant's brief and appendix must be filed no later than March 23, 2009, and appellee's brief and appendix, if appellee chooses to submit an appendix, must be filed no later than April 17, 2009.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys Association are invited to file briefs amicus curiae, to be filed no later than April 28, 2009. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Court of Appeals No. 264052.


*Leave to Appeal Denied January 21, 2009:*

PEOPLE v BAUDER, No. 136597. The defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). Court of Appeals No. 280758.

KELLY, C.J. I would grant leave to appeal.

MORALES v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, No. 136823; reported below: 279 Mich App 720.

HOFF v SPOELSTRA, No. 137102, Court of Appeals No. 272898.

PEOPLE v NEU, No. 137215; Court of Appeals No. 285355.
HATHAWAY, J., did not participate because she was the trial judge.

DISHNO v STATE WIDE REAL ESTATE, No. 137395; Court of Appeals No. 285192.

PEOPLE v COPAS, No. 137411; Court of Appeals No. 277240.